UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **TERRANCE L. JOHNSON**<br>LA. DOC #111883<br>VS. | **CIVIL ACTION NO. 5:13-cv-2385**<br><br>**SECTION P**<br><br>**JUDGE DONALD E. WALTER** |
| **BURL CAIN, WARDEN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Terrance L. Johnson, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on July 30, 2013. Petitioner attacks his 1989 convictions for aggravated rape, armed robbery, crime against nature, aggravated kidnaping, and attempted manslaughter and the multiple life sentences imposed thereafter by the First Judicial District Court, Caddo Parish, in the criminal prosecution assigned Docket Number 142,760 of that Court.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636, Rule 8(b) of the Rules Governing Section 2254 Cases in the District Courts, and the standing orders of this Court. For the following reasons it is recommended that the petition be deemed second and successive and **TRANSFERRED** to the United States Fifth Circuit Court of Appeals pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

*Statement of the Case*

On April 6, 1989 petitioner was convicted of two counts of aggravated rape, aggravated kidnaping, two counts of armed robbery, attempted manslaughter, and two counts of aggravated

crime against nature. He was thereafter sentenced to multiple life sentences. On May 9, 1990, his convictions and sentences were affirmed on appeal by the Second Circuit Court of Appeal. *State of Louisiana v. Terrance L. Johnson*, 21450 (La. App. 2 Cir. 5/9/1990), 561 So.2d 922.

His attempt to obtain post-conviction relief was ultimately denied as time-barred by the Louisiana Supreme Court on March 20, 1998. *State of Louisiana ex rel. Terrance L. Johnson v. State of Louisiana*, 97-2335 (La. 3/20/1998), 715 So.2d 1204. A second round of post-conviction relief was ultimately denied on June 15, 2012. *State of Louisiana ex rel. Terrance L. Johnson v. State of Louisiana*, 2011-2441 (La. 6/15/2012), 90 So.3d 1056.

Petitioner attacked these same convictions and sentences in a Section 2254 petition for *habeas corpus* filed in this Court on January 7, 1999. In that petition he claimed (1) an erroneous denial of challenge for cause; (2) insufficient evidence to convict on aggravated kidnaping charge; and (3) insufficient evidence to convict on attempted manslaughter charge. On March 31, 1999 that petition was dismissed with prejudice as time-barred under the provisions of 28 U.S.C. §2244(d). *Terrance L. Johnson v. Burl Cain, Warden*, Civil Action No. 5:99-cv-0031 at Docs. 1 (petition), 4 (Report and Recommendation of Magistrate Judge Roy S. Payne), and 6 (Judgment rendered by Judge Tom Stagg). His request for a certificate of appealability (COA) was denied by the United States Fifth Circuit Court of Appeals on September 21, 1999. *Johnson v. Cain, Warden*, No. 99-30414. [See No. 5:99-cv-0031 at Doc. 12]

He filed the instant petition for *habeas corpus* attacking the same convictions and sentences on July 30, 2013. In this proceeding he claims (1) the prosecutor withheld potentially exculpatory police reports in which victims could not positively identify petitioner as the perpetrator; (2) double jeopardy; (3) the erroneous denial of petitioner's challenge for cause; and,

(4) insufficiency of evidence (aggravated kidnaping and attempted manslaughter).

## *Law and Analysis*

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Petitioner seeks to collaterally attack the same convictions and sentences that he attacked in his previous petition for *habeas corpus*, *Terrance L. Johnson v. Burl Cain, Warden*, No. 5:99-cv-0031. As noted above, that petition was ultimately dismissed with prejudice as time-barred. This petition is therefore successive and petitioner has not yet received permission from the Court of Appeals to file it in the District Court.[1]

*In re: Epps*, 127 F.3d 364 (5th Cir.1997) outlines the procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the Court of Appeals is appropriate. Further, transfer is authorized by 28 U.S.C. §1631 which provides in pertinent part, "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or

---

[1] A *habeas corpus* petition is not second or successive simply because it follows an earlier federal petition. *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998). However, the later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.* The Fifth Circuit has also found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. §2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir.1999) citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Under this approach, the key issue is whether or not the first petition was adjudicated on the merits.

noticed, and the action ... shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." Section 2244(b) divests this Court of jurisdiction to consider petitioner's successive *habeas* petition until such time as the Court of Appeals authorizes such a filing, and therefore, transfer pursuant to 28 U.S.C. §1631 is appropriate. Therefore,

**IT IS RECOMMENDED** that petitioner's second and successive petition for writ of *habeas corpus* be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

In Chambers, Monroe , Louisiana, September 12, 2013.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE